PLAGE R, Circuit Judge,
concurring in the denial of panel rehearing.
The view that this court’s panel opinion in Secure Axcess[1] was designed to accomplish, or inadvertently resulted in, a significant narrowing of the Director’s ability to institute covered business method (“CBM”) reviews is mistaken, and often overstated. See the several amicus briefs in this case. Such overstatements may cause some Patent Trial and Appeal Board (“Board”) judges to shy away from using the CBM process in cases in which CBM review otherwise would be proper, but if so it is the misunderstanding that is the cause, not the opinion in Secure Axcess. The court properly rejected requests to undertake a do-over.
The discussion in the court’s issued opinion in Secure Axcess consists of two substantive sections: 1) on the statute at issue, America Invents Act (“AIA”) § 18(d)(1)[2], and the Board’s interpretation and application of the statute in this case; and 2) on the scope of this court’s authority in fashioning the proper remedy for the appeal before us.
With regard to the statute, the court’s opinion, as it must, follows the court’s governing precedents — most directly the express holding in our recent case of Un-wired Planet, to the effect that it is error for the Board to add to the statute phrases like “incidental to a financial activity.”[3] See Judge Taranto’s opinion concurring in the denial of rehearing en banc, at 4-6, for a detailed review of the cases and Board opinions; I concur fully in Judge Taranto’s views regarding this case, expressed in his opinion.
The Secure Axcess opinion explains why the statute read as a whole results in a focus on the claims of the patent, and on the necessity for at least one claim to show how the patent claims a method or apparatus for performing operations used in the practice of a financial product or service, as the statute requires. It is not enough for the claim simply to be “incidental to a financial activity.” (Judge Lourie, in his dissent to the denial of en banc, seems to agree: “the subject matter of the claim must have a particular relation to a financial product or service, and not merely be an incidentally-used invention like a light-bulb or ditch-digging.” Op. at 1009.)
To meet the statutory test, Secure Ax-cess does not require that the claim specifically use the term “financial,” nor even specifically mention the -financial product or service to which the invention is addressed: “a qualifying claim does not require particular talismanie words.” 841 F.3d at 1381. Nor is consideration limited to only the words in the claim as written: “A claim in a patent does not live in isolation from the rest of the patent ... claims must be properly construed — that is, understood in light of the patent’s written description....” Id. at 1378.
In this case, the claims in Secure Axcess were construed by the Board in light of the written description, and on appeal we found those claim constructions consistent with the Board’s approved standard for claim construction. Id. at 1382. But the claim constructions related only to certain design characteristics of the technology, a technology designed generally to authenti *1013 cate a webpage; they were not aimed at the issue here, that is, the question how, if at all, was this invention particularly to be used in the performance of a financial product or service.
Judge Lourie in his opinion suggests that the court on appeal could make an apparently common sense connection between the claims and the rest of the patent. Presumably, we could do this by interpreting the claims in light of the written description as meeting the statutory standard. Certainly the patent’s written description in places has language that might support such a conclusion. The thought is a perfectly sensible one, but the answer lies in the difference between an appeal from a district court and an appeal from an administrative agency.
When an appeal is from the judgment of a district court, it is the judgment, not the trial court’s opinion, that is on appeal; the appellate court can affirm on any ground the record supports. By contrast, when the appeal is from an administrative agency— and the Board is such an agency — the appellate court can only review the record on appeal and the decision of the agency in light of that record. The appellate court cannot stray afield to determine how the matter at issue could have been resolved had the agency explained its decision differently, perhaps under a different theory. It is what the agency said it decided that is the subject of the appeal.
As the Supreme Court made clear in SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1760, 91 L.Ed. 1995 (1947):
[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.
To be clear — at issue is not whether we can correct a claim construction made by the Board in the course of its determination regarding the validity vel non of a patent properly before it. As an appellate court, of course we can. The issue rather is whether, in the absence of some basis in law supporting the Board’s undertaking review of a patent pursuant to a governing statute, may we reinterpret the Board’s decision, and the record underlying that decision, in order to correct somehow for the absence of compliance with that statutory authority — Chenery tells us we cannot.
That leads naturally to the second issue dealt with in Secure Axcess — the proper remedy to correct the Board’s error in its interpretation and application of the statutory standard. Absent anything in the Board decision that supports a conclusion that one or more of the claims at issue in Secure Axcess meets the statutory standard — and in the panel majority’s view there was not a single claim at issue that could “qualify this patent,” Secure Axcess, 848 F.3d at 1382 — the only proper conclusion was a reversal of the decision. The agency does not have statutory authority to pursue this decisional route in this case.[4]
*1014 That of course does not pre-judge the merits of the patent, or of the original petition for Board review. Assuming no other statutory obstacles, the patent and its claims are subject to review in a district court action, or in the course of other Board reviews. Since the validity of the patent is tested as of the issuance of the patent, and not on the basis of subsequent events or activities by the owner, the litigation history of the issued patent is irrelevant for that reason, as well as for the reasons noted in the panel opinion.
In sum, the panel opinion in Secure Ax-cess fits comfortably in this court’s tradition of carefully considered opinions based on precedent and respect for legislative requirements in the law. The obituaries being issued for CBM reviews in consequence of Secure Axcess are at best premature. In another few years they may be appropriate if Congress does not renew the statute or something like it; in the meantime, the court properly declined further review of the matter in this case.

. Secure Axcess, LLC v. PNC Bank Nat’l Ass’n, 848 F.3d 1370 (Fed. Cir. 2017).

. Pub. L. No. 112-29, 125 Stat. 284, 331 (2011).

. Unwired Planet, LLC v. Google Inc., 841 F.3d 1376, 1379-82 (Fed. Cir. 2016).

. Though it is not an issue in this case, our precedents make clear that on final written decision from the Board, this court has a constitutional obligation as an Article III court to ensure that final actions by an administrative agency subject to the court’s jurisdiction are valid and proper. See Versata Dev. Grp., Inc. v. SAP Am., Inc., 793 F.3d *1014 1306, 1314-23 (Fed. Cir. 2015), cert. denied, —U.S. —, 136 S.Ct. 2510, 195 L.Ed.2d 841 (2016); see also Marbury v. Madison, 1 Cranch 137, 177, 2 L.Ed. 60 (1803).